UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chamberlain Home Owners Association,<br><br>    Plaintiff,<br><br>v.<br><br>Carl Green, et al.,<br><br>    Defendants. | Case No. 19-cv-2050 (SRN/DTS)<br><br><br><br>**REPORT AND RECOMMENDATION** |

Nigel Mendez, Carlson & Associates, Ltd., 1052 Centerville Circle, Vadnais Heights, MN 55127, for Plaintiff

Carl Green, 6608 Falstaff Road, Woodbury, MN 55125, *Pro Se* Defendant

---

This matter is before the Court on Plaintiff Chamberlain Home Owners Association's (Chamberlain) Motion to Remand to State Court and for an award of fees pursuant to 28 U.S.C. § 1447(c). Docket No. 4. A hearing was held on October 1, 2019, at which Defendant Carl Green failed to appear. For the reasons stated below, the Court recommends that Chamberlain's motion be granted, this case be remanded to state court, and that Chamberlain be awarded fees and costs.

## FINDINGS OF FACT

Chamberlain filed an Eviction Action Complaint in Washington County District Court on June 19, 2019. Complaint, Docket No. 1-1. Chamberlain emailed a copy of the Summons and Complaint to Green on June 24, 2019, and Green acknowledged receipt. Mendez Decl. ¶ 2, Docket No. 9. The action was heard on July 3, 2019, and the state district court issued a final order of judgment in Chamberlain's favor, finding that Green

defaulted on the mortgage and the property was sold at a Sheriff's sale. *Id.* ¶ 3 and Ex. A, Docket Nos. 9, 9-1. Green failed to appear in court. *Id.* Ex. A, Docket No. 9-1.

Green appealed the order on July 9, 2019. *Id.* ¶¶ 5-6, Docket No. 9. Green also requested a stay of the execution of the writ, and a hearing was set for and took place on August 5, 2019. *Id.* ¶¶ 7-8. Green failed to appear at the state district court hearing. *Id.* ¶ 9.

On July 31, 2019 Green removed this case to federal court alleging federal question jurisdiction. Notice of Removal ¶¶ 2-3, Docket No. 1. Specifically, Green alleged that "a federal question appears on the face of the initial pleading filed" and that the "lawsuit is a Civil Action within the meaning of the Acts of Congress relating to removal of causes" and "[t]herefore, federal question jurisdiction exists . . . because the resolution of Defendant's claim will require adjudication of disputed questions of federal law." *Id.* On August 5, 2019 Green filed a motion for a temporary restraining order (TRO). Docket No. 2.

On August 6, Chamberlain moved to remand the case to state court, asserting that the removal was untimely and that its state court eviction complaint does not state any federal question. Motion, Docket No. 4; Pl. Br. 3, Docket No. 8. On August 7, 2019 Chamberlain filed a Notice of Hearing stating that the remand motion would be heard on October 1, 2019 at 10:00 a.m. Amended Notice of Hearing, Docket No. 7. Chamberlain was unable to meet and confer with Green about the remand motion, as Green instructed Chamberlain's counsel not to contact him by email or phone. Meet-and-Confer Statement, Docket No. 11. Chamberlain sent Green a letter by U.S. mail on August 5, 2019 regarding the motion. *Id.*

On or about August 7, 2019, Chambers staff spoke with Green by telephone and advised him that the Court could not rule on his TRO motion until the threshold issue of the Court's subject matter jurisdiction over this case is resolved. Green was unwilling to waive the 42-day notice on the remand motion, which would have allowed an earlier hearing date. Rather, Green stated that he would file his TRO motion in another federal lawsuit he has pending in federal court in the District of Minnesota.

On August 15, 2019 Chamberlain filed a memorandum of law opposing Green's TRO motion. Docket No. 12.

On August 19, 2019 Green filed two responses to Chamberlain's remand motion, but they did not address Chamberlain's legal arguments regarding the lack of a federal question in the complaint that was removed. *See* Docket Nos. 20-21. Rather, Green simply asserted in a conclusory way that Chamberlain's lawsuit violates his First and Fourteenth Amendment rights and various Civil Rights statutes, and that there is a "federal ingredient" in this case that authorizes jurisdiction. Docket No. 20 at 1, 3; Docket No. 21 at 1-2. Most of Green's response consists of arguments and complaints regarding the state court eviction proceedings and participants, the same proceedings for which he failed to appear, along with copies of Green's filings in state court and in another federal lawsuit, District of Minnesota Case No. 19-cv-1666. *See* Docket No. 20.

That same day, August 19, 2019, Green filed a second TRO motion, along with a memorandum of law and affidavit in support [Docket Nos. 15-19], despite the Court's previous instructions that Chamberlain's remand motion must be resolved first, to determine the threshold question of whether the Court has jurisdiction over this lawsuit. Green continued to file documents related to his TRO motions. His Opposition to Remand

3

asserted that his TRO motion was "set to be heard before this court on October 1, 2019 at 10:00 a.m. the same time as Plaintiff's motion to remand." Docket No. 21 at 1. Green also filed a notice that stated his TRO motion would be heard "on October 1, 2019 at 10:00 a.m." Docket No. 15.

On August 23, 2019 Chamberlain filed a reply to Green's opposition to its remand motion. Docket No. 22.

From September 9 to 18, 2019 Green filed several more documents totaling dozens of pages, apparently regarding his TRO motions. *See* Docket Nos. 24 (Defendant's Reply to TRO Objection), 25 (Affidavit), 25-1 (27 pages of "Exhibits"), 26 (Notice of Trespass Letter), 27 (Notice of State Court Filings), 27-1 to 27-3 (62 pages of "Exhibits").

The hearing on Chamberlain's remand motion was held on October 1, 2019. Civil Motion Hearing Minutes, Docket No. 28. Green failed to appear at the hearing.[1] *Id.*

## CONCLUSIONS OF LAW

A defendant to a civil action in state court may remove it to federal court if the action could have originally been brought there. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing subject matter jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir.

---

[1] Later in the day on October 1, 2019 Green contacted Chambers to state that he thought the time of the hearing was 1:00 p.m., not 10:00 a.m. However, Green filed at least two documents with the Court in which he correctly stated the hearing time as 10:00 a.m. *See* Docket Nos. 15 (Notice of Motion and Motion for Temporary Restraining Order) and 21 (Opposition to Remand Motion by Plaintiff, in which Green refers to his "Motion for a Temporary Restraining Order set to be heard before this court on October 1, 2019 at 10:00 am the same time as Plaintiff's motion to remand"). The written record in this case also includes evidence that Green has failed to appear at state court proceedings, which the Court has cited in the Findings of Fact.

4

2009). Removal based upon federal question jurisdiction is generally governed by the well-pleaded complaint rule, which examines the facial allegations of the complaint to determine whether it "affirmatively allege[s] a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Chamberlain's complaint is a state law eviction action under Minn. Stat. § 504B.321. It plainly does not state any federal claim or cause of action on its face. It also does not require the resolution of any substantial question of federal law. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013) (discussing narrow "substantial federal question" exception to the well-pleaded complaint rule).

Green's responses to the remand motion did not address Chamberlain's specific legal arguments and did not identify anything in the complaint that states a federal claim. Rather, he simply asserted in a conclusory way that Chamberlain's lawsuit violates his First and Fourteenth Amendment rights and various Civil Rights statutes, and that there is a "federal ingredient" in this case that authorizes jurisdiction. Docket No. 20 at 1, 3; Docket No. 21 at 1-2. These allegations do not establish a federal question on the face of the complaint and do not otherwise support federal question jurisdiction over this case.[2] Accordingly, the case must be remanded.

The Court also recommends that Chamberlain's request for fees and costs be granted. *See* Pl. Br. 4, Docket No. 8. The removal statute permits a court issuing a remand order to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for awarding fees

---

[2] Because the Court recommends granting Chamberlain's remand motion on the basis of a lack of federal question jurisdiction, the Court does not address its argument that the removal was untimely.

turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Absent unusual circumstances, a court may award fees and costs under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Id.*

Green had no objectively reasonable basis to remove this complaint to federal court. He offered no reasons that would support a belief that the eviction action stated a federal claim and that removal was legally proper. The court thus finds that an award of fees and costs is "just" under § 1447(c) in this case. The removal statute provides "a right to a federal forum to a limited class of state-court defendants" but also recognizes that "fee shifting [is] appropriate in some cases." *Id.* at 140. The Supreme Court has stated:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs of the plaintiff.

*Id.*

The record shows that Green had no objectively reasonable basis for removing the eviction action; would not meet and confer with Chamberlain on its remand motion; pursued his TRO motion, even filing a second TRO motion, despite being told by the Court that the jurisdictional issue had to be resolved first; filed motions and dozens of pages of documents which Chamberlain had to read and to which Chamberlain felt compelled to respond, while at the same time he refused to agree to an accelerated briefing schedule on the remand motion that would have resulted in an earlier resolution of the jurisdictional issue; and failed to appear at the hearing on the remand motion. The record also shows, and Green admits, that the state district court eviction action he

6

removed was not even active at the district court level because he appealed it to the Minnesota Court of Appeals. It appears to the Court that Green did not act legitimately to invoke a right to a federal forum under 28 U.S.C. § 1441 but instead was motivated by a desire to prolong, impede, or avoid the consequences of the state court proceedings, or to harass and impose additional costs on Chamberlain.

The Court finds no objectively reasonable basis for removing this case and recommends that Chamberlain be awarded fees and costs pursuant to § 1447(c).

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT Chamberlain's motion to remand [Docket No. 4] be granted and Chamberlain be awarded fees and costs pursuant to 28 U.S.C. § 1447(c) in an amount to be determined based upon appropriate submission.

Dated:  October 4, 2019

        s/David T. Schultz
        DAVID T. SCHULTZ
        United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).